IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE CREELGROUP, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV512 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GEOFF BRIEDEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Transfer Venue (Filing No. 4).  The defendant filed a brief (Filing No. 5) and an index of evidence (Filing No. 6) in support of the motion.  The plaintiff filed a brief (Filing No. 10) and an index of evidence (Filing No. 11) in opposition to the defendant's motion.  The defendant filed a brief (Filing No. 12) and an index of evidence (Filing No. 13) in reply.

## BACKGROUND

The plaintiff filed the instant action on October 22, 2008, in the District Court of Douglas County, Nebraska.  **See** Filing No. 1 p. 5 - Complaint.  On November 25, 2008, the defendant removed the action to the United States District Court for the District of Nebraska based on diversity jurisdiction.  *Id.* p. 1 - Notice of Removal.  On the same date, the defendant filed the Motion to Transfer Venue.  **See** Filing No. 4.  The defendant seeks to move the action to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).  The plaintiff opposes the transfer.

This action arises based on the employment relationship between the parties.  Following is a summary of the allegations contained in the plaintiff's complaint.  The defendant, a resident of the State of Michigan, was the plaintiff's employee from February 19, 2007 to September 2, 2008, in a salaried position.  **See** Filing No. 1 p. 5 - Complaint ¶¶ 3, 7.  The defendant worked as Regional Vice President responsible for sales and marketing, specifically including identifying and securing new business opportunities for the plaintiff.  *Id.*  The plaintiff, a Nebraska corporation, maintains its principal offices in Omaha, Douglas County, Nebraska.  *Id.* ¶ 2.  The plaintiff provides human resource consulting in

areas such as healthcare and pharmacy benefits, along with brokerage services to employers. *Id.* 6. The plaintiff alleges it is "one of the leading providers of these services in the Midwest and has been consistently providing consulting services for the last ten years for hospitals throughout the county." *Id.*

The defendant worked out of an office in Grosse Pointe, Michigan, but traveled to Denver, Colorado and Chicago, Illinois as part of his employment. *Id.* ¶ 8. As part of the defendant's employment, he was in continuous contact with the plaintiff's office in Omaha, Nebraska, and made two trips to Nebraska. *Id.* ¶ 9. The plaintiff supplied the defendant with a computer, cellular telephone and access to a secure computer network based in Nebraska. *Id.* ¶¶ 10-11. Additionally, the plaintiff supplied the defendant with proprietary materials for use by sales representatives and meant to develop and service the plaintiff's clients. *Id.* ¶ 11.

The plaintiff allowed the defendant to contact Oakwood Hospital and Medical Center (Oakwood) in Dearborn, Michigan to provide in-person representation of the plaintiff. *Id.* ¶ 15. Prior to the defendant's involvement, the plaintiff had been working with Oakwood for nine years. *Id.* ¶ 16. The plaintiff's yearly revenues from Oakwood were $400,000. *Id.*

The defendant, as part of his employment, was to generate new business for the plaintiff. *Id.* ¶ 17. However, the defendant failed to generate new business. *Id.* ¶ 18. Accordingly, the plaintiff intended to end its relationship with the defendant in January 2008. *Id.* The parties discussed changing the terms of the employment relationship and in July 2008, the plaintiff delivered documents reflecting modified terms. *Id. Id.* ¶¶ 19-20. The defendant failed to return the executed documents. *Id.* ¶ 20. Instead, the defendant made plans to leave employment with the plaintiff and take a portion of Oakwood's business. *Id.* ¶ 21. The defendant delayed returning the plaintiff's cellular telephone and computer, both which were damaged. *Id.* ¶ 29.

Based on these allegations, the plaintiff asserts a claim for breach of duty of loyalty (Count I), tortious interference with a business expectancy (Count II), and common law misappropriation of trade secrets and violation of Neb. Rev. Stat. §§ 87-501 to 87-507 (Trade Secrets Act) (Count III). The plaintiff also seeks injunctive relief (Count IV). The defendant denies the plaintiff is entitled to the relief requested. **See** Filing No. 3 - Answer.

Additionally, based on these facts, the defendant argues "this case should be transferred to the Eastern District of Michigan for the convenience of the parties and witnesses, because the conduct complained of by Plaintiff occurred in Michigan, and because the facts at issue in this case have virtually no connection to the State of Nebraska."  **See** Filing No. 4.  More specifically, the defendant contends all of the allegedly tortious conduct took place in Michigan, where the defendant and critical non-party witnesses from Oakwood live and work.  Additionally, the defendant claims he will suffer extreme financial hardship if he is required to litigate this action in Nebraska.  **See** Filing No. 6 - Ex. 1 Brieden Aff. ¶ 11.  In contrast, the plaintiff would suffer relatively less inconvenience based on the plaintiff's prosperity and ongoing presence in Michigan.  The defendant contends that under the circumstances of this case, the plaintiff's choice of forum is entitled to little weight.  The defendant argues factors such as enforceability of judgment, location of physical evidence, compulsory process to compel unwilling witnesses and relative court congestion weigh in favor of transfer.  **See** Filing No. 5 - Brief p. 10-12.

The plaintiff argues the defendant has failed to meet his burden of establishing a transfer is warranted.  The plaintiff does not dispute the action could have been brought in the Eastern District of Michigan.  The plaintiff contends the defendant is merely attempting to shift inconvenience from the defendant to the plaintiff.  The plaintiff argues the defendant accepted employment from a Nebraska company and has traveled here before.  The plaintiff lists a number of witnesses from Nebraska and other states, who would require travel.  Accordingly, the plaintiff contends the amount of travel required would not be decreased by transfer to Michigan.  The parties dispute which state's substantive law would apply.

## ANALYSIS

Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under Eighth Circuit law "[c]ourts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case

evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); **see** *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); 15 Charles Alan Wright, et al. *Federal Practice & Procedure* § 3847 (2d ed. 1986 & 2008 Supp.). As the Supreme Court has explained, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart*, 487 U.S. at 29.

The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. **See** *Terra*, 119 F.3d at 695-96. Of the factors considered, the plaintiff's choice of forum is given "great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." *Rick ex rel. Rick, Estate of v. Stevens*, 145 F. Supp. 2d 1026, 1039 (N.D. Iowa 2001) (citations omitted); **see** *Terra*, 119 F.3d at 695. To carry its burden, the movant must show its inconvenience strongly outweighs the inconvenience the plaintiff would suffer if venue were transferred. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Id.* (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

In *Terra*, the Eighth Circuit noted a number of factors which are traditionally considered in deciding motions to transfer. *Terra*, 119 F.3d at 696. These factors include "(1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Id.* In addition, when evaluating the "interest of justice" portion of § 1404, a court may consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.*

The court finds the defendant has shown that numerous factors weigh in favor of a change of venue in this case. As the movant notes, the events giving rise to this litigation occurred in Michigan, many critical witnesses reside in Michigan, including the defendant. The defendant meets his burden of showing not only the number, but importance of these witnesses favors transfer. There are many witnesses who reside outside either Nebraska or Michigan and only a few who reside in Nebraska. The relevant documents, although easily transported, are primarily located in Michigan. Importantly, it appears the relative cost of litigation to each party, and the ability to enforce judgment and subpoena witnesses weigh in favor of transfer. The parties' dispute regarding application of substantive law need not be decided here, particularly in light of the numerous other factors favoring transfer. Although, the plaintiff's choice of forum was initially Nebraska, the court finds the balance of interests weighs heavily in favor of transferring the instant action to the Eastern District of Michigan (28 U.S.C. § 102(a)). Upon consideration,

**IT IS ORDERED:**

1.  The defendant's Motion to Transfer Venue ([Filing No. 4](#)) is granted.
2.  The Clerk of Court shall stay operation of this order for a period of ten (10) business days to permit the parties to file an appeal of this order in accordance with [NECivR 72.2](#). If such an appeal is filed, the Clerk shall withhold transfer of these matters pending the determination of any such appeal.

**ADMONITION**

Pursuant to [NECivR 72.2](#) any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 30th day of December, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge